■ Joseph P. Cangemi, Respondent, v. Norman Acton, as President of the International Society for the Rehabilitation of the Disabled, Appellant.— Order, Supreme Court, New York County, entered on April 27, 1971, reversed, on the law, and the motion for summary judgment denied. Appellant shall recover of respondent $50 costs and disbursements of this appeal. In this action plaintiff seeks $250,000 compensatory and $500,000 punitive damages for alleged breach of an employment contract. By letter agreement dated April 9, 1970, plaintiff was hired as Director of Communications for Rehabilitation International. The agreement provided, in part, " (1) Your initial appointment will be for the period September 1, 1970, to December 31, 1970. * * * 2) Unless either party has stated the contrary in writing not later than November 30, 1970, your appointment will become permanent as of January 1, 1971. * * * Your employment will be governed by the personnel policies of the organization, a copy of which is attached, except where the considerations set forth in this letter are different, in which case the terms of this letter shall apply." The personnel policies referred to, included a provision for a three-month probationary period which could be extended for an additional three-month period " to determine whether the assignment is working out to the best interests of the new employee and the Society." It provided also for notice of four weeks for termination of employment of professional employees " unless a specific contract with provisions to the contrary exists". By a letter dated November 16, 1970, from defendant to plaintiff, defendant proposed to " *confirm* modification of " the April 9, 1970, agreement to extend plaintiff's initial appointment to March 31, 1971 (italics supplied). Plaintiff's attention again was directed to the personnel policies of defendant. Plaintiff did not sign or return this agreement. Defendant asserts that prior to November 16, plaintiff was advised that he had not demonstrated his ability to carry out the responsibilities of the job, but defendant agreed to extend the probationary period as indicated. Further, according to defendant and not specifically disputed by plaintiff, it was agreed plaintiff would take a short leave from November 25, 1970 to December 7, 1970, to visit his family in Kentucky and the matter would be held in abeyance until his return. Upon plaintiff's return on December 7, he notified defendant that he would not consent to the modification. On December 9, 1970, plaintiff was notified, by letter, of termination of his employment effective December 31, 1970. Plaintiff's affidavit in support of his motion for summary judgment asserts he was hired for a period January 1, 1970–December 31, 1972, though the letter of April 9 does not specify a fixed period. It should be noted that the personnel policies of defendant control as to termination of employment in the absence of a specific contract with provisions to the contrary. For professional employees four weeks notice is required. There is a question, therefore, as to the proposed term of employment, what notice is required to be given, and whether such notice in fact was given. The term of employment must be gathered from the contract of employment. Should it be determined from the evidence that four weeks' notice was required and not given, the trial court is empowered to calculate that time from the date of notice of termination and to allow compensation therefor. We do not find any basis in the record for punitive damages. In the letter agreement of April 9, 1970, it is provided that plaintiff will acquire the status of a permanent employee unless either party has stated the contrary in writing. There is a question whether the letter of Novem-

ber 16, 1970, may fairly be construed as a statement to the contrary, so as to preclude the acquisition by plaintiff of the status of a permanent employee. This could affect the notice of termination required to be given. It may fairly be presumed that the provisions for notice contained in the April 9 agreement were for the mutual protection of the parties, and so recognized. If that be so, and defendant establishes an agreement by mutual consent to extend the probationary period, rather than to terminate the employment as it had a right to as a question of waiver might arise. In short, there are issues of fact to be resolved which warrant denial of summary judgment. Concur — Stevens, P. J., Murphy, Capozzoli and Macken, JJ.; McGivern, J., dissents in the following memorandum: I would dismiss the complaint. I do not see how the plaintiff could ever recover in the face of the letters of November 16, 1970 and December 9, 1970, together with his own conduct in agreeing to study the agreement while away on leave from November 25, 1970 to December 7, 1970. The letters clarified any ambiguity and his conduct estopped him from claiming late notice. However, the disposition I suggest is without prejudice to any action plaintiff may be advised to bring in the Civil Court, for an extra six days' compensation, pursuant to defendant's general personnel policies.